**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DAKOTA NORTON,<br><br>   Plaintiff,<br><br>           v.<br><br>LG CHEM, LTD and LG CHEM AMERICA, INC.,<br><br>   Defendants. | Civil Action No.<br>1:20-cv-02263-SDG |

## OPINION AND ORDER

This matter is before the Court on LG Chem America, Inc.'s partial motion to dismiss [ECF 17] and Plaintiff Dakota Norton's alternative request for leave to amend the Complaint [ECF 19]. After careful consideration of the parties' briefing, the Court **GRANTS** LG Chem America's partial motion to dismiss and **DENIES** Plaintiff's request for leave to amend.

**I.    BACKGROUND**

The following facts are treated as true for purposes of this motion.[1] Plaintiff Dakota Norton, a resident of Arizona, was injured when a lithium-ion battery,

---

[1]  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

manufactured by Defendant LG Chem, Ltd., exploded inside his e-cigarette device while the device was inside the front pocket of his pants.[2] Norton sustained second and third degree burns as a result, and was treated for eight days in a facility in Tucson, Arizona.[3] Norton missed five weeks of work to heal from his injuries and continues to suffer from severe and permanent physical, as well as emotional, injuries.[4]

On May 27, 2020, Norton filed his Complaint against LG Chem, Ltd., and its subsidiary LG Chem America, Inc.[5] Norton filed in this Court because LG Chem America resides in this district and he believed that LG Chem, Ltd. would be subject to this Court's jurisdiction based on its relationship with LG Chem America.[6] Norton alleged five causes of action: (1) products liability, defective design; (2) products liability, failure to warn; (3) negligence; (4) breach of implied warranty of merchantability; and (5) violation of the Magnuson-Moss Warranty Act (MMWA).[7] Norton seeks damages for his personal injuries, including medical

---

[2]   ECF 1, ¶¶ 58–63.

[3]   *Id.* ¶¶ 59–60.

[4]   *Id.* ¶¶ 61–63.

[5]   *Id.*

[6]   *Id.* ¶¶ 5–9, 20.

[7]   *Id.* ¶¶ 64–101.

expenses, lost wages, emotional pain and suffering, and punitive damages.[8] On July 7, 2020, LG Chem America moved for partial dismissal pursuant to Federal Rule of Procedure 12(b)(6) on Norton's MMWA cause of action.[9] Norton opposed the motion and alternatively requested leave to amend his Complaint.[10] LG Chem America replied in support of dismissal and in opposition to the request for leave to amend.[11]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual

---

[8]   *Id.* ¶¶ 102–08.

[9]   ECF 17.

[10]   ECF 19.

[11]   ECF 22.

matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint must also present sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). The Court is not bound, by contrast, to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79.

### III.   DISCUSSION

#### a.   LG Chem America's Motion to Dismiss

LG Chem America asserts that, with limited exceptions, the MMWA does not permit recovery for personal injury and, because Norton's claims are for personal injury and do not fit within the exceptions, his MMWA cause of action fails.[12] Even if Norton's claims do fit within these exceptions, LG Chem America argues, he has not satisfied the $50,000 amount in controversy requirement of the MMWA because that amount cannot include personal injury damages.[13] Norton responds that he appropriately asserted claims for breach of implied warranty under the MMWA and that his request for punitive damages satisfies the amount in controversy requirement.[14] The Court agrees with LG Chem America and finds that Norton's MMWA claim must be dismissed.

> ##### i.   Plaintiff Cannot Recover for Personal Injury Under the MMWA Because He Has Not Alleged Violations of § 2308 or § 2304.
>
> The Magnuson-Moss Warranty Act was Congress's first comprehensive attempt to deal at the federal level with problems of consumer warranties. "The draftsmen believed that warranties on consumer products often were too complex to be understood, too varied for

---

[12]   ECF 17-1, at 5–6.

[13]   *Id.* at 7–10.

[14]   ECF 19.

> consumers to make intelligent market comparisons, and too restrictive for meaningful warranty protection." Schroeder, *Private Actions under the Magnuson-Moss Warranty Act*, 66 Calif. L. Rev. 1, 2 (1978). . . . The Act creates minimum disclosure standards for written consumer product warranties and defines minimum content standards for such warranties. The Act does not require that a seller give a warranty on a consumer product, but if a warranty is given, it must comply with the terms of the Act.

*Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1061 (5th Cir. 1984). In sum, the MMWA was enacted to address situations where "the large print giveth but the small print taketh away." *Gorman v. Saf-T-Mate, Inc.*, 513 F. Supp. 1028, 1035 (N.D. Ind. 1981). Further, the MMWA "does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1200 n.14 (N.D. Ga. 2005). Norton is correct that the MMWA applies to breaches of implied warranties, not just written warranties. *Boelens*, 748 F.2d at 1063.

However, the MMWA specifically limits recovery for personal injuries. 15 U.S.C. § 2311(b)(2) ("Nothing in this chapter (other than sections 2308 and 2304(a)(2) and (4) of this title) shall (A) affect the liability of, or impose liability on, any person for personal injury, or (B) supersede any provision of State law regarding consequential damages for injury to the person or other injury."). In interpreting this section, the Fifth Circuit held "that § 2311(b)(2) sets up a

dichotomy between personal injury claims based on a breach of the substantive provisions of §§ 2308 and 2304, which are cognizable under the MMWA, and personal injury claims based only on a breach of warranty, which are not cognizable under the MMWA," and, therefore, "where there has not been a violation of the substantive provisions of §§ 2308 or 2304, the exceptions to § 2311(b)(2) are inoperative and the express language of § 2311(b)(2) bars liability for personal injury." *Boelens*, 748 F.2d at 1065–66. The sections that allow for personal injury liability under the MMWA create substantive obligations, in which the warrantor must neither disclaim implied warranties, 15 U.S.C. § 2308, or limit implied warranties, 15 U.S.C. § 2304(a)(2), and must allow for refunds or replacements without charge for a defective product. 15 U.S.C. § 2304(a)(4).

Norton's claims do not fall under § 2311(b)(2)'s exceptions. He does not claim that LG Chem, Ltd. or LG Chem America disclaimed or limited implied warranties or that either failed to offer refund or replacement of the lithium-ion batteries. Instead, as confirmed by Norton in his response to LG Chem America's motion, he claims a breach of an implied warranty caused his personal injuries.[15] The Fifth Circuit addressed this issue head on in *Boelens*, and held that "the

---

15   ECF 1, ¶¶ 84–101; ECF 19, at 7.

MMWA does not create a federal cause of action for personal injury damages based solely on a breach of warranty," even if state law provides such a remedy. 748 F.2d at 1066. The Court finds *Boelens* persuasive. Norton's MMWA allegations fail to state a claim upon which relief can be granted and must be dismissed.

### ii. Plaintiff Failed to Allege Damages that Satisfy the Amount-in-Controversy Requirement of the MMWA.

Norton also does not satisfy the $50,000 amount in controversy requirement of the MMWA. "Section 2310(d)(3)(B) provides that no claim is cognizable under the MMWA unless the amount in controversy is at least $50,000." *Id.* at 1069. Personal injury damages are not counted towards the amount in controversy because personal injury claims, with the limited exceptions noted above, are precluded under the MMWA. *Id.* ("Because of our holding that personal injury damages for breach of warranty are not recoverable under the MMWA, these damages may not be counted toward satisfaction of the amount-in-controversy requirement."). Thus, Norton's claimed damages for personal injury are excluded from the amount in controversy requirement.

Norton contends that, even excluding the personal injury damages, he can meet the amount in controversy based on his claims for punitive damages.[16]

---

[16] ECF 19, at 9.

"Punitive damages are recoverable under the MMWA for breach of warranty only if they may be recovered in a breach of warranty action brought under the governing state law." *Id. See also Simmons v. Taylor Childre Chevrolet-Pontiac, Inc.*, 629 F. Supp. 1030, 1033 (M.D. Ga. 1986). Norton argues that Arizona law governs this case because it is the location of his injury. LG Chem America argues that, regardless of whether Arizona or Georgia law governs, punitive damages are not recoverable on Norton's breach of warranty claims.

LG Chem America is correct. *Barrio v. Gisa Invs. LLC*, No. CV-20-00991-PHX-SPL, 2020 WL 6081495, at *3 (D. Ariz. Oct. 15, 2020) ("[W]hile the MMWA allows punitive damages where the governing state law allows, Arizona does not allow punitive damages because they are unavailable in breach of warranty claims."); *Jones v. Gen. Motors Corp.*, No. CV-08-2099-PHX-GMS, 2009 WL 648613, at *2 (D. Ariz. Mar. 11, 2009) (same); *Simmons v. Taylor Childre Chevrolet-Pontiac, Inc.*, 629 F. Supp. 1030, 1033 (M.D. Ga. 1986) (holding the plaintiff failed to meet the MMWA amount in controversy because, in Georgia, exemplary damages are not allowed in cases arising on contracts, including express warranty cases); *Smith v. K-V Pharm. Co.*, No. 1:09-CV-1020-WSD, 2009 WL 10665762, at *3 n.2 (N.D. Ga. Sept. 24, 2009) ("Under Georgia law, warranty claims are a matter of contract law and privity of contract is required for a warranty to apply.") (citing *McQueen v. Minolta*

*Bus. Sols., Inc.*, 275 Ga. App. 297, 300 (2005)). Eliminating Norton's personal injury and punitive damages, Norton cannot satisfy the $50,000 amount in controversy required under the MMWA because he failed to allege that he is entitled to any other type of damages.[17] Accordingly, Norton fails to state a claim under the MMWA for this additional reason.

### b. Norton's Request for Leave to Amend

In response to LG Chem America's motion to dismiss, Norton alternatively requests leave to amend his Complaint. "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1162 (11th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004)). "However, the District Court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Id.*

Norton is not entitled to leave to amend his Complaint at this time because his request is procedurally improper. In this Circuit, a party seeking to amend a pleading must move to do so under Federal Rule of Civil Procedure 15(a) and

---

[17]   ECF 1, ¶¶ 102–08.

"must either attach a copy of the proposed amendment to the motion or set forth the substance thereof" because "a plaintiff 'should not be allowed to amend [his] complaint without showing how the complaint could be amended to save the meritless claim.'" *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) (quoting *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999)). Norton did not move for leave to amend the Complaint, nor did he attach an amended pleading or describe how the amended pleading would cure the deficiencies in his Complaint. Thus, Norton has not yet shown he is entitled to leave to amend.

### IV.    CONCLUSION

LG Chem America's partial motion to dismiss [ECF 17] is **GRANTED** and Norton's alternative request for leave to amend is **DENIED**. Count V of the Complaint is **DISMISSED**.

**SO ORDERED** this the 17th day of February 2021.

Steven D. Grimberg
United States District Court Judge